UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Eliazer D. Chapman,

        Plaintiff

v.

City of Las Vegas, et al.,

        Defendants

Case No. 2:25-cv-02227-CDS-NJK

**Order Denying Emergency Motion for a Preliminary Injunction**

[ECF No. 3]

On November 12, 2025, pro se plaintiff Eliazer Chapman filed an emergency motion for a preliminary injunction. Emerg. mot., ECF No. 3. For the reasons explained herein, Chapman's motion is denied.

I.    Discussion

The local rules of this district provide the court with the sole discretion to determine whether an "emergency" motion is, in fact, an emergency. Local Rule 7-4(c).[1] Emergency motions are disfavored and "should be rare" because of the "numerous problems they create for the opposing party and the court in resolving them." LR 7-4(b); *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015). Indeed, the filing of emergency motions is disfavored and should be confined to "the most limited circumstances." *Cardoza*, 141 F. Supp. 3d at 1141. That is because emergency motions burden both the parties and the court, requiring each to "abandon other matters to focus on the pending 'emergency.'" *Id.*

---

[1] Plaintiff is advised that his pro se status does not allow him to disregard the rules of the court. All litigants, including those appearing pro se, must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of Nevada. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (pro se parties must still comply with rules and case law); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) (stating that "pro se litigants are not excused from following court rules"). Chapman is advised that he must comply with the rules and orders of this court, including the Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. A copy of the Local Rules is available online at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Failure to comply with court orders or rules in the future may result in the issuance of sanctions, which may include dismissal of this action.

Generally, an emergency motion is appropriate only when the movant has shown: (1) the movant will be irreparably prejudiced if the court resolves the motion under the normal briefing schedule; and (2) the movant is without fault in creating the crisis that requires emergency relief or, at the very least, the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). If there is no irreparable prejudice, then no sufficient justification for bypassing the default briefing schedule exists and the motion may be properly decided on a non-expedited basis. *Id.* at 1142–43. Having reviewed Chapman's motion, I find it fails to meet the criteria to be considered an emergency motion.

The motion also fails to comply with Local Rule 7-4. *See* LR 7-4. That rule sets forth the proper procedure for filing emergency motions. It requires that a party filing an emergency motion include a declaration that includes:

> A statement of movant certifying that, after participation in the meet-and-confer process to resolve the dispute, the [moving party] has been unable to resolve the matter without court action. The statement also must state when and how the other affected people or entities were notified of the motion or, if not notified, why it was not practicable to do so. If the nature of the emergency precludes a meet and confer, the statement must include a detailed description of the emergency, so the court can evaluate whether a meet and confer truly was precluded.

LR 7-4(a)(3). Although Chapman's motion includes a declaration, it fails to include the meet-and-confer certification. *See* ECF No. 3 at 13–15. Further, subsection (d) of 7-4 requires that, at the time an emergency motion is filed, or shortly thereafter, that the moving party "advise the courtroom administrators for the assigned district judge and magistrate judge that the motion was filed." LR 7-2(d). There is no indication that Chapman complied with this provision of the rule.

Because this motion is not an emergency, and because Chapman failed to comply with LR 7-4, his motion for a preliminary injunction is denied without prejudice. If Chapman seeks to file future emergency motions, he must comply with the local rules and include a declaration

discussing the required meet-and-confer with the opposing party, or clearly explain why a meet-and-confer is not possible.

II.     Conclusion

IT IS THEREFORE ORDERED that Chapman's emergency motion for a preliminary injunction [ECF No. 3] is DENIED without prejudice.

Dated: November 17, 2025

_____
Cristina D. Silva
United States District Judge