UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ELIAZER D. CHAPMAN,
Plaintiff, Pro Se,

v.

CITY OF LAS VEGAS, et al.,
Defendants.

Case No.: 2:25-cv-02227-CDS-NJK

CORRECTED EMERGENCY FILING COVER PAGE

This filing includes the following documents:

1. Plaintiff's Emergency Motion for Preliminary Injunction and Request for Expedited Hearing
2. LR 7-4 Emergency Declaration of Eliazer D. Chapman
3. Notice of Compliance with LR 7-4
4. Certificate of Service
5. Exhibit A – City of Las Vegas Special Event Permit (SEA25-01386)
6. [Proposed] Order Granting Plaintiff's Motion for Preliminary Injunction

Filed on: _____



# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ELIAZER D. CHAPMAN,

Plaintiff, Pro Se,


v.


CITY OF LAS VEGAS, et al.,

Defendants


Case No.: _____

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR EXPEDITED HEARING

# I. INTRODUCTION

Plaintiff Eliazer D. Chapman moves this Court for immediate injunctive relief to halt the City of Las Vegas and Fremont Street Experience LLC's ongoing suppression of expressive art and public culture.

This motion is not about noise, permits, or administrative inconvenience—it is about freedom of expression itself. For several years, the City and its private partners have relied on intimidation, selective enforcement, and misrepresentation to erase an entire class of artists from a public stage built on expression.

Fremont Street exists as a living canvas of American performance and creativity—a place where tourists meet artists, where music and movement transform public space, and where the public square thrives. Defendants have transformed that cultural landmark into a corporate-controlled entertainment zone at the expense of constitutionally protected performers.

The Constitution does not allow this. Not in Las Vegas. Not anywhere.

## II. FACTUAL BACKGROUND

Plaintiff is a professional street performer and founder of Acrobat Allstars, known for acrobatics, music, and community engagement on Fremont Street.

For several years, Defendants have engaged in a sustained campaign of intimidation and exclusion targeting street performers. What began as sporadic interference has, since early 2023, escalated into a coordinated suppression effort that includes verbal trespasses without record, fabricated incident reports, permit manipulation favoring commercial vendors, coordinated intimidation by security and law enforcement, and directives from the City Attorney authorizing unconstitutional enforcement practices.

This pattern is ongoing and continues through the upcoming special event scheduled for this weekend, during which Defendants have again announced blanket restrictions against street performers that are not supported by the governing permit.

In addition to the above, the following facts are central to this motion:

- Plaintiff regularly performs before 3 PM, during daytime hours.
- The newly issued Special Event Permit for this upcoming weekend's event restricts performers only from 6:00 PM to 11:00 PM during the event.
- Despite these limited hours, Defendants have already told performers that they are banned all weekend, including during the daytime when Plaintiff performs.
- Defendants justify this all-day prohibition by claiming the permit covers setup and teardown periods.
- The permit does not authorize performer bans during setup or teardown; those entries reflect logistical staging only.
- Defendants' expansion of the permit far beyond its written terms threatens to unlawfully restrict Plaintiff's First Amendment activity this weekend before the event has even begun.

## A. Daytime Performing Schedule

- Plaintiff's normal performance hours are before 3 PM, well before the evening event begins.
- Plaintiff's work occurs long before the 6–11 PM event timeframe specified in the permit.
- Nevertheless, Defendants have informed Plaintiff and other performers that they will be removed during daytime hours this weekend, despite the absence of any legitimate basis for such restrictions.

## B. Permit Restrictions Are Limited to 6–11 PM

Exhibit A shows that the Special Event Permit for this weekend's event authorizes restrictions only from 6:00 PM to 11:00 PM on the listed dates.

There is no clause authorizing performer bans:

- before 6:00 PM
- after 11:00 PM
- during setup or teardown
- or at any time outside the event window

Thus, the permit does not justify restricting expressive activity during Plaintiff's daytime performance hours.

## C. Defendants' Unlawful Expansion of Permit Authority

- Security personnel, Metro officers, and Department of Public Safety officers have repeatedly stated that this upcoming weekend's permit "covers the whole weekend."
- This claim does not appear anywhere in the permit.
- The permit lists setup on November 20 and teardown on November 24 solely for logistical purposes; these entries do not impose restrictions on expressive activity.
- By expanding the permit to cover the entire weekend and all hours of the day, Defendants are imposing restrictions that do not exist in the governing document, creating an imminent threat to Plaintiff's ability to perform lawfully during daytime hours this weekend.

# III. ARGUMENT

## A. Narrow Tailoring and Prior Restraint

- The City expanded a narrow 6:00 PM to 11:00 PM event restriction into a three-day, full-weekend ban on all performing.
- This expansion is not narrowly tailored, because Defendants imposed a total ban on performers for the entire weekend, far exceeding the limited hours authorized in the permit.
- Courts consistently strike down overbroad enforcement in public forums, especially where a government restriction suppresses substantially more speech than the specific, time-limited authorization allows.

## B. Setup and Teardown Do Not Authorize Performer Bans

- Setup (November 20 at 8:00 AM) imposes no performer restrictions in the permit.

- Teardown (November 24 at 8:00 AM) also imposes no performer restrictions.
- These entries simply reflect logistical staging and breakdown for the event.
- Only the actual event operations — 6:00 PM to 11:00 PM — carry performer restrictions.
- Nothing in the permit authorizes banning performers before, after, or for the entire three-day weekend.

## C. Plaintiff Suffers Daytime Harm

- Plaintiff suffers lost income before 3 PM, which is his regular performing period.
- Plaintiff is denied expressive opportunity, as he is removed during daytime hours when the permit imposes no restrictions.
- A three-day blanket ban suppresses Plaintiff's speech in a traditional public forum and violates First Amendment protections because it goes far beyond the narrow, time-limited event hours written into the permit.

# IV. RELIEF REQUESTED

Plaintiff respectfully requests that the Court issue injunctive relief necessary to prevent ongoing and future violations of expressive rights, and to ensure that special event permits are enforced strictly according to their written terms. Plaintiff seeks the following relief:

## 1. Enforcement Limited to Written Event Hours

Plaintiff requests an injunction prohibiting Defendants from banning, restricting, or removing street performers at any time outside the written event hours of 6:00 PM to 11:00 PM as stated in the Special Event Permit. Any enforcement beyond those specific hours exceeds the scope of the permit and unlawfully burdens expressive activity in a traditional public forum.

## 2. No Enforcement During Setup or Teardown

Plaintiff requests that the Court enjoin Defendants from enforcing performer restrictions during setup or teardown periods, as the permit does not authorize any limits on expressive activity during those logistical times. Setup and teardown are administrative time blocks for equipment staging and removal, not grounds for banning performers.

## 3. No Restrictions Not Written in the Permit

Plaintiff seeks an order enjoining Defendants from imposing, inventing, or enforcing any performer restrictions not expressly written in the permit itself, including verbal directives, implied rules, unofficial instructions, or internal guidance that contradicts the permit's stated limitations.

## 4. Prevention of Future Permit Misinterpretation

Plaintiff requests injunctive relief preventing Defendants from misinterpreting or expanding special event permits in the future, including by applying restrictions to times, locations, or individuals not clearly identified in the written permit. Any future enforcement must be based solely on the permit's explicit language.

## 5. Protection From Retaliation

Plaintiff seeks an order prohibiting Defendants from retaliating in any manner for Plaintiff's expressive activity, Plaintiff's attempt to perform lawfully, or Plaintiff's filing of this action. Retaliation includes increased enforcement, threats, removal, targeting, or initiation of punitive actions motivated by this lawsuit.

# 6. Protection From Harassment and Intimidation

Plaintiff requests that Defendants be enjoined from harassing, intimidating, or repeatedly approaching Plaintiff without lawful cause. Enforcement personnel should not initiate contact unless there is a legitimate, written, permit-based reason to do so.

# 7. Prohibition of Selective Enforcement

Plaintiff seeks an order prohibiting Defendants from selectively enforcing special event permit restrictions against performers while permitting commercial vendors, event participants, or contracted entertainers to operate without similar limitations. Enforcement must remain uniform and based in written authority.

# 8. Prohibition on Blanket or Weekend-Long Bans

Plaintiff requests injunctive relief preventing Defendants from issuing blanket, full-day, or full-weekend bans on performers unless such restrictions appear verbatim in the written permit. Defendants shall not impose "all day," "all weekend," or "entire footprint" bans absent clear written authorization.

# 9. Protection of Daytime Performance Rights

Plaintiff seeks an order safeguarding the right to perform during daytime hours, including before 3:00 PM, except where a permit explicitly prohibits expressive activity during those specific times. Daytime expression may not be restricted absent a clearly written limitation.

# 10. Recognition of Fremont Street as a Public Forum

Plaintiff requests that the Court reaffirm that Fremont Street, including pedestrian walkways and public access areas, constitutes a public forum where expressive activity is presumptively protected except where narrowly limited by written and lawful time, place, and manner regulations.

## 11. Posting and Public Notice of Permit Restrictions

Plaintiff seeks an order requiring Defendants to publicly post or otherwise make available the specific performer-related restrictions contained in any special event permit affecting Fremont Street, ensuring clarity and transparency for all expressive users of the public forum.

## 12. Advance Notice for Future Restricted Events

Plaintiff requests that Defendants provide advance written notice to performers identifying any future permits containing speech-related restrictions, including the exact hours, locations, and limitations that apply for the duration of each event.

## 13. Preservation of Evidence

Plaintiff seeks an order requiring Defendants to preserve all evidence relevant to special event enforcement and interactions with performers, including but not limited to: body-worn camera footage, security surveillance video, radio traffic, emails, internal memoranda, and permit-related documents.

## 14. Limitations on Private Security Authority

Plaintiff requests that the Court enjoin private security operating under Fremont Street Experience, or under contract with the event, from exercising authority beyond what is explicitly granted in the written permit or City regulations. Private personnel must abide by the same written limits as City enforcement.

## 15. No Enforcement Based on Unwritten City Attorney Directives

Plaintiff seeks an injunction preventing Defendants from enforcing restrictions based on unwritten or informal directives originating from the City Attorney or other administrative staff. Enforcement must be grounded exclusively in publicly available written authority.

## 16. Requirement of Uniform Written Guidelines

Plaintiff requests an order requiring Defendants to adopt and apply uniform guidelines governing enforcement of special event permits as they relate to expressive activity. Such guidelines should be written, accessible, and consistently applied.

## 17. Training Requirements

Plaintiff seeks an order requiring appropriate training or retraining of City personnel, Fremont Street Experience staff, and security officers regarding the rights of street performers and the correct enforcement of special event permit terms.

## 18. Oversight of Future Special Event Permits

Plaintiff requests that future special event permits involving Fremont Street be subject to monitoring or administrative oversight to ensure that performer restrictions are lawful, clearly stated, and not expanded beyond their written terms.

## 19. Any Other Relief the Court Deems Just and Proper

Plaintiff respectfully seeks such additional or alternative relief as the Court finds warranted.

# V. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court issue immediate injunctive relief to prevent the continued and imminent violation of expressive rights in a traditional public forum. The Special Event Permit at issue authorizes only limited, time-specific restrictions, yet Defendants have imposed expansive, multi-day bans, invented unwritten rules, and enforced restrictions not found anywhere in the permit. These practices have resulted in ongoing harm to Plaintiff's ability to engage in protected artistic expression and will cause additional, irreparable injury during the upcoming weekend event.

Plaintiff therefore asks that the Court grant the requested relief, enjoin Defendants from enforcing restrictions beyond the written terms of the permit, prohibit retaliation or harassment arising from Plaintiff's expressive activity or the filing of this action, preserve all relevant evidence, and implement safeguards to ensure lawful, narrowly tailored enforcement of future special event permits.

Plaintiff respectfully requests that the Court grant such further relief as it deems just and proper.

**DATED:** _____

Respectfully submitted,

/s/ Eliazer D. Chapman

ELIAZER D. CHAPMAN

Plaintiff, Pro Se

5100 E Tropicana Ave Apt 53A

Las Vegas, NV 89122

(305)-713-6056

Eliazer_76@aol.com

# DECLARATION OF ELIAZER D. CHAPMAN IN SUPPORT OF EMERGENCY MOTION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**ELIAZER D. CHAPMAN,**
Plaintiff,

v.

**CITY OF LAS VEGAS, et al.,**
Defendants.

Case No: **2:25-cv-02227-CDS-NJK**

I, Eliazer D. Chapman, declare the following under penalty of perjury:

1. Emergency Exists: Daily unconstitutional enforcement on Fremont Street causes immediate irreparable harm.

2. Irreparable Harm: Delay would allow continued suppression of expressive activity.

3. Meet-and-Confer: On Nov 6, 2025 I attempted to resolve matters with Officers Scott, Bryan, and Sgt. Jopalian; all refused. Supervisor Hector said enforcement would continue.

4. Notice: City Attorney served Nov 17, 2025; FSE via CT Corp served Nov 19, 2025.

5. Court Notification: Courtroom administrator notified Nov 21, 2025.

Executed on: _____
Las Vegas, Nevada

**/s/ Eliazer D. Chapman**

# NOTICE OF COMPLIANCE WITH LR 7-4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**ELIAZER D. CHAPMAN,**
Plaintiff,

v.

**CITY OF LAS VEGAS, et al.,**
Defendants.

Case No: **2:25-cv-02227-CDS-NJK**

Plaintiff provides notice of full compliance with LR 7-4, including emergency declaration, service, meet-and-confer efforts, and court notification.

Dated: _____

**/s/ Eliazer D. Chapman**

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**ELIAZER D. CHAPMAN,**
Plaintiff,

v.

**CITY OF LAS VEGAS, et al.,**
Defendants.

Case No: **2:25-cv-02227-CDS-NJK**

I certify service as follows:

City Attorney's Office – Nov 17, 2025
Fremont Street Experience LLC (CT Corp) – Nov 19, 2025

I declare under penalty of perjury this is true.

Dated: _____

**/s/ Eliazer D. Chapman**

# EXHIBIT A

City of Las Vegas Special Event Permit
Application/Permit: SEA25-01386

The following pages contain the complete permit referenced in the filing.



# City of Las Vegas
## Special Event Permit

**Application/Permit:**  **SEA25-01386**

| **Event Title:** | Neon City Festival @ FSE | | **Audience:** All Ages |
|---|---|---|---|

| **Dates:** | *Setup:* | 11/20/2025 8:00:00 AM | *Teardown:* | 11/24/2025 8:00:00 AM | | |
|---|---|---|---|---|---|---|

| | *Start:* | *Finish:* | *Participants:* | *Attendees:* |
|---|---|---|---|---|
| | 11/21/2025 6:00 PM | 11/21/2025 11:00 PM | 350 | 14,000 |
| | 11/22/2025 6:00 PM | 11/22/2025 11:00 PM | 350 | 14,000 |
| | 11/23/2025 6:00 PM | 11/23/2025 11:00 PM | 350 | 14,000 |

Notification to area residents and businesses required.  E-Mail, Phone, In-Person, Event Meetings

## Location:

Fremont Street Experience- Fremont Street from LV Blvd to Main Street
This event will be held on both 'Private and Public Property'.. 425 Fremont Street , Las Vegas NV 89101 United States
The event will be held on both 'Private and Public Property'

## Description:

This is the first of its kind, free all-ages celebration of music, food, and art transforms the heart of Las Vegas into a sprawling, open-air playground. Imagine a festival with no fences, where you can wander through a captivating mix of performances, from thrilling live shows and epic fireworks to dazzling laser spectacles and cutting-edge art exhibits. Immerse yourself in a multi-genre, music and culinary festival that pulses with the vibrant energy of Las Vegas, featuring everything from savory food offerings and mind-bending 3D graphics on Fremont Street Experience Viva Vision Screen, to interactive art and a mix of headliner talent. With convenient transportation and ample parking, this is your chance to experience the magic of Las Vegas' largest free music festival.

## Contacts:

| *Capacity* | *Contact Name/Company* | *Phone* | *E-Mail* |
|---|---|---|---|
| Permit Coordinator | Ashley Longnecker | (702)678-5726 | alongnecker@vegasexperience.com |
| Business Owner/Principal Officer | Andrew Simon | (702)678-5600 | alongnecker@vegasexperience.com |

## Reviews/Approvals:

| | | | | |
|---|---|---|---|---|
| Admin Final Review | Approved | 11/20/2025 | | Valentin Sanchez Jr. |
| *- Street Performers are NOT authorized to participate in this event.* | | | | |
| Business Licensing Review | CondApprvd | 10/29/2025 | | Katherine S Read |
| Current PL Review | Approved | 10/29/2025 | | Mark E Rex |
| Department of Public Safety | Approved | 11/17/2025 | | |
| *- Lt. Hartz* | | | | |
| Enviromental Review | Approved | 11/19/2025 | | Sherri L McMahon |
| Fire Prevention Review | CondApprvd | 11/13/2025 | | Michael M Svoboda |
| *- WEST LANE OF 4TH STREET  TO BE CLOSED FROM CARSON AVE. TO FREMONT ST.* | | | | |
| Fire Medical Review | Approved | 11/13/2025 | | Michael M Svoboda |
| *- Approved per Chief Wilbanks and Collin Sears* | | | | |
| Metro | Approved | 11/17/2025 | | |
| *- Officer Howard Wall* | | | | |
| Public Work Admin | Approved | 11/18/2025 | | Reginald J Atkinson |
| Parking | Approved | 11/17/2025 | | Marja M Bigas |

## Additional Review Conditions:

· It is unlawful for a person to engage in any form of business or commerce activity involving the cultivation, processing, manufacturing, storage, sale, distribution, transportation of cannabis within the City of Las Vegas limits without an approved Cannabis Establishment license and a license duly issued by the State regulating authority. The event promoter may not allow the vendors, exhibitors to display, possess, giveaway, distribute, or sell any cannabis or THC products regulated under NRS 678B at the permitted event. The event promoter is responsible for preventing the use, smoking, ingestion or consumption, sale, or distribution of any cannabis, edible cannabis, or cannabis -infused products at the permitted event.
· ALL SPECIAL EVENTS WITH ALCOHOL ACTIVITY IN THE PUBLIC RIGHT-OF-WAY DOWNTOWN WILL REQUIRE LVMPD STAFFING AND ALCOHOL MUST BE PROVIDED IN PLASTIC CUPS AND WRISTBANDS MUST BE USED TO CONSUME ALCOHOLIC BEVERAGES.

## Vending Information:



# City of Las Vegas
## Special Event Permit

**Application/Permit:**   SEA25-01386

- 4 Vendors are authorized to participate at this event
- 4 Exhibitors are authorized to participate at this event
- 4 Mobile Food Vendors are authorized to participate at this event
- Food sales/distribution is permitted at this event with onsite cooking/food preparation
    METHOD: TBD working with Vendors
    LOCATION: TBD working with Vendors
- **Note:** Organizers or promoters of onetime events, tradeshows, or conventions in which a sale is conducted are liable for sales tax to be collected by their exhibitors or vendors. The promoter or organizer must obtain a One Time Sales Tax Permit with the Nevada Department of Taxation. More information can be found at: *http://www.tax.state.nv.us/*

## Alcohol Sales/Distribution Information:

- Alcohol beverages are not authorized to be served at the event.

## Temporary Structural Information:

- Masters of Barricades
- Boundary Limits:
    Casino Center from 6 PM - 2AM | West Lane of 4th St from Carson to Ogden
- Event is NOT fully fenced in or on private property
- Event notification method for event will be:
    E-Mail, Phone, In-Person, Event Meetings

## Temporary Electrical Information:

Use of ANY temporary electrical devices have NOT been approved for use with this permit.

## Entertainment/Special Effects Information:

- This event will have live entertainment:
    Various Artist on all 3 Stages
- Music will be played at the event as specified:
    Various Artist - TBA
- Sound amplification will be used during the event as specified:
    2-5PM , Load in 12:00 PM and Load out 3:00 AM

## Other Logistical Details:

- Main Entrance:                      4th Street, 1st Street, Main Street, 3 North, All Casino Center Entrances onto FSE
- Event Parking:                      FSE parking Garage, City Parking on 4th Street, All Casino Parking
- Commercial Loading Zones:           Yes
- Emergency Access Points:            4th Street, 3rd Street North, Casino Center, 1st Street, Main Street
- Entirely Indoors:                   No

## Safety and Security Details:

- Metro will be utilized for this event: TBD
- City Marshalls will be utilized for this event: TBD
- Private Security will be utilized for this event.
    Security Personnel: 80
    Security Company: Fremont Street Experience
    - Phone: (702)678-5735    Business License: G55-00172
- Command Post: Behind 1st & 3rd Street Stage | 3rd North | 4th Street
- Medical Transport scheduled to be on site:  AMR

## Sanitation and Cleanup:

- The applicant is responsible for leaving the site free of debris, litter or any other evidence of occupancy upon completion.
    Fremont Street Experience Maintenance will be providing cleanup.
- Additional roll-off dumpsters/trash receptacles are required.
    Qty: 2 and Republic Services



# City of Las Vegas
## Special Event Permit

***Application/Permit:***   **SEA25-01386**

***General Provisions:***

- The applicant shall display a copy of this and any other permits during the hours of operation.
- All applicable City code requirements shall be satisfied.
- Combustible materials will not be located within 50 feet of any structure on, or adjacent to this site.
- The applicant is responsible for leaving the site free of debris, litter or any other evidence of occupancy upon completion.

***Fees:***

| | | |
|---|---|---|
| Special Event Expedited Application Fee | 150.00 | Paid |
| Special Event Per Vendor Fee | 0.00 | Paid |
| Special Event Processing Fee Fire | 80.00 | Paid |
| Special Event Processing Fee | 220.00 | Paid |

**CITY OF LAS VEGAS APPROVAL**   *Valentin Sanchez*          **DATE:**  11/20/2025

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

ELIAZER D. CHAPMAN,
Plaintiff, Pro Se,

v.

CITY OF LAS VEGAS, et al.,
Defendants

Case No.: _____

[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION

This matter came before the Court on Plaintiff's Motion for Preliminary Injunction. Having
considered the filings, the evidence submitted, and the applicable law, the Court finds that
Plaintiff has demonstrated a likelihood of success on the merits, a threat of irreparable harm,
that the balance of equities tips in Plaintiff's favor, and that an injunction is in the public
interest.

Accordingly, IT IS HEREBY ORDERED:

1. Enforcement Limited to Written Event Hours
Defendants are enjoined from banning, restricting, or removing performers at any time outside
the written event hours of the applicable special event permit.

2. No Enforcement During Setup or Teardown
Defendants shall not enforce performer restrictions during setup or teardown periods, as these
logistical times do not authorize limitations on expressive activity.

3. No Restrictions Not Written in the Permit
Defendants are enjoined from imposing, inventing, or enforcing any performer restrictions not
expressly contained in the written terms of a special event permit.

4. Prevention of Permit Misinterpretation
Defendants shall not misinterpret, expand, or apply special event permits beyond the specific
times, locations, or conditions expressly written in the permit.

5. Non-Retaliation
Defendants are prohibited from retaliating against Plaintiff for engaging in expressive activity
or for initiating or participating in this litigation.

6. No Harassment or Intimidation

Defendants are enjoined from harassing, intimidating, or initiating unnecessary enforcement contact with Plaintiff absent a lawful, written basis.

**7. No Selective Enforcement**
Defendants shall not selectively enforce special event restrictions against performers while allowing vendors, contractors, or event participants greater access.

**8. No Blanket or Weekend-Long Bans**
Defendants shall not impose blanket bans, full-day bans, or full-weekend bans unless such restrictions appear verbatim in the special event permit.

**9. Protection of Daytime Performance Rights**
Plaintiff's right to engage in expressive activity during daytime hours shall not be restricted unless a special event permit explicitly identifies such restrictions.

**10. Recognition of Public Forum Rights**
Fremont Street pedestrian areas shall be treated as a public forum for expressive activity except where a permit explicitly provides otherwise.

**11. Public Posting of Restrictions**
Defendants shall publicly post or otherwise make available all performer-related restrictions contained in any special event permit affecting the relevant area.

**12. Advance Notice of Future Restrictions**
Defendants shall provide advance written notice of any future special event permits that contain restrictions on expressive activity.

**13. Preservation of Evidence**
Defendants shall preserve all evidence related to enforcement activities, including body-worn camera footage, surveillance video, radio traffic, emails, reports, and related documents.

**14. Limitations on Private Security Authority**
Private security personnel acting in coordination with Defendants shall not enforce any restrictions beyond those expressly authorized by written permit or regulation.

**15. No Enforcement Based on Unwritten Directives**
Defendants shall not enforce restrictions based on unwritten directives, informal guidance, or verbal instructions not included in a publicly available permit or policy.

**16. Uniform Written Guidelines**
Defendants shall maintain and apply uniform written guidelines governing enforcement of special event permits related to expressive activity.

**17. Training Requirements**

Defendants shall ensure appropriate training for personnel responsible for enforcing special event permits, including training on expressive rights.

18. Oversight of Future Permits
Future special event permits affecting the performance area shall be subject to review or oversight to ensure performer restrictions are lawful and clearly stated.

19. Other Relief
The Court may order any additional relief it deems just and proper.

IT IS SO ORDERED.

DATED: _____

_____
UNITED STATES DISTRICT JUDGE