UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Eliazer D. Chapman,<br><br>　　　　　Plaintiff<br><br>　v.<br><br>City of Las Vegas, et al.,<br><br>　　　　　Defendants | Case No. 2:25-cv-02227-CDS-NJK<br><br>**Order Denying Plaintiff's Renewed Motion for a Preliminary Injunction and Motion for an Expedited Hearing**<br><br>[ECF Nos. 10, 11] |

　　　　On November 21, 2025, pro se plaintiff Eliazer Chapman filed a renewed motion for a preliminary injunction. Mot. prelim. inj., ECF No. 10. On the same date, Chapman also filed a motion for expedited hearing. Mot. hr'g, ECF No. 11. For the reasons explained herein, Chapman's motions are denied.

**I.　Discussion**

　　　　"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021) (quoting *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted)). To obtain an injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Ninth Circuit uses a "'sliding scale' approach to preliminary injunctions." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under that approach, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable

injury and that the injunction is in the public interest." *Fraihat*, 16 F.4th at 636 (quoting *All. for the Wild Rockies*, 632 F.3d at 1135) (citation modified).

I deny Chapman's motion for a preliminary injunction for two reasons. First, the motion fails to cite any points and authorities in support of the relief he seeks. As a result, under Local Rule 7-2(d), Chapman consents to the motions being denied. *See* LR 7-2(d) ("The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion."). Further, the motion fails to cite, much less address, the *Winter* factors. Instead, the motion includes conclusory, bullet point allegations of how the defendants are suppressing expressive art and public culture, and a list of requested remedies. *See* ECF No. 10. This is insufficient to show that the extraordinary remedy of an injunction is warranted.

Second, neither the complaint nor the preliminary injunction have been properly served on the defendants. "Service of process" is the legal term describing a formal delivery of documents giving the defendant notice of a pending lawsuit. *R. Griggs Group Ltd. v. Filanto Spa*, 920 F. Supp. 1100, 1103 (D. Nev. 1996) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694 (1988)). "Service of process is the means by which a court asserts jurisdiction over the person." *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 597 (D. Nev. 2015) (quoting *SEC v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007)). "Defendants must be served . . . or there is no personal jurisdiction." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (citing *Beecher v. Wallace*, 381 F.2d 372 (9th Cir. 1967)). Pursuant to Federal Rule of Civil Procedure 4(m), a plaintiff must serve a defendant with a summons and copy of the complaint "within 90 days after the complaint is filed[.]" "The proper method of delivery depends on whether the defendants are people or entities." *Warren v. Boise Police Dep't*, 2022 WL 17362154, at *2 (D. Idaho Dec. 1, 2022). However, regardless of who the defendants are, **a plaintiff itself cannot serve the summons and complaint**. *Id.* (emphasis added). Instead, a plaintiff must always have a **non-party** carry out service. Fed. R. Civ. P. 4(c)(2) (emphasis added).

Here, the record reflects that a summons has been issued, *see* ECF No. 2, but it has not been returned executed. Chapman must comply with Rule 4 before this action can move forward. Further, a plaintiff is not entitled to serve papers under Rule 5 until after a defendant or defendants are properly served under Rule 4. *See Kaden v. Chamisa Arts, Inc.*, 2016 WL 7616692 at *3 (W.D. Tex. July 15, 2016) ("[F]or any defendants who the plaintiff has not yet properly served, she must serve them with the summons, complaint, and amended complaint." (citation modified)). Chapman's motion includes a "certificate of service," but it reflects that he personally served the City Attorney's Office and the Fremont Street Experience LLC. *See* ECF No. 10 at 15. Because the court does not yet have jurisdiction over the defendants, this "certificate of service" is improper.

Finally, because Chapman's motion for preliminary injunction is denied, I also deny his request for an expedited hearing.

## II. Conclusion

IT IS THEREFORE ORDERED that Chapman's renewed motion for a preliminary injunction and motion for an expedited hearing [ECF Nos. 10, 11] are DENIED.

Dated: December 4, 2025

_____
Cristina D. Silva
United States District Judge